UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: _____ |
| ALEXANDRIA SOCCER ASSOCIATION, INCORPORATED<br>1108 Jefferson Street<br>Alexandria, VA 22314 | ) ) ) ) ) ) |
| and | ) ) |
| ANDREW ARATA<br>1742 Goodyear Drive<br>Bogalusa, LA 70427 | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT**
**(for Declaratory Judgment)**

Plaintiff West Bend Mutual Insurance Company ("West Bend"), by counsel, for its Complaint against Defendant Alexandria Soccer Association, Incorporated ("ASA"), states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs, and West Bend and the Defendants are citizens of different states.

2. This Court also has discretionary jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

1

## VENUE

3. Venue is appropriate in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Rule 3(C) of the Local Rules of the United States District Court for the Eastern District of Virginia because a substantial portion of the events giving rise to this action occurred within this District and Division. The insurance policy that is the subject of this action was issued to ASA at its principal place of business in Alexandria, Virginia; and the underlying lawsuit with respect to which this action seeks a declaration as to West Bend's duty of defense is pending in the Circuit Court for the City of Alexandria, Virginia.

## PARTIES

4. Plaintiff West Bend is a mutual insurance company organized under the laws of Wisconsin with its principal place of business in Wisconsin.

5. Defendant Alexandria Soccer Association Incorporated ("ASA") is a Virginia corporation with its principal place of business in Alexandria, Virginia.

6. Defendant Andrew Arata is an adult resident of the state of Louisiana.

## FACTS

7. ASA is a defendant in a suit brought by Andrew Arata ("Arata") in the Circuit Court for the City of Alexandria, Virginia (the "Lawsuit"). West Bend is defending ASA in the Lawsuit under a reservation of rights.

8. The Complaint filed in the Lawsuit (the "Complaint")[1] alleges that ASA had a contract or license with the City of Alexandria (the "City"), a codefendant in the Lawsuit, to conduct adult soccer games at a recreational field owned by the City and known as Witter Field ("Witter Field"). Complaint ¶ 25.

---

[1] A copy of the Complaint is attached as Exhibit A hereto.

9.      The Complaint alleges that ASA was on notice that there had been several fights between players in the adult soccer league operated in the City of Alexandria.  Complaint ¶ 26.

10.     According to the Complaint, on or about February 14, 2021, Arata was playing in an ASA soccer game at Witter Field.  Complaint ¶ 8.  Jimmy Steven Begazo Solano ("Solano"), a codefendant in the Lawsuit, playing on the team opposing Arata's team, "savagely attacked Arata during the game by biting [his] nose off", causing significant physical and emotional injuries to Arata.  ¶ 9.  The Complaint alleges that "Solano inflicted harmful or offensive contact upon [Arata] with the intent to cause such contact", ¶ 33, and without Arata's consent. ¶ 34.  Police were called to the scene; and Solano was charged with "malicious wounding" in the matter entitled *Commonwealth of Virginia v. Jimmy Begazo Solano*, File No. CF21000056.  Subsequently, Solano was found guilty of assault and battery.  ¶ 10.

11.     Under Count II of the Complaint, titled "Negligence Against Alexandria Soccer Association, Inc.", the Complaint alleges that ASA was negligent in failing to exercise reasonable and ordinary care to maintain Witter Field in a condition reasonably safe for use by its invitees, including Arata.  Complaint ¶ 24.  The Complaint alleges that ASA owed "a duty to take such precautions as were reasonably necessary to protect invitees, including Arata, from reasonably foreseeable physical attacks resulting in bodily injury on the premises, particularly since there were known fights between players in prior matches including Jimmy Begazo Solano the week prior to the subject incident."  Complaint ¶ 26.  ASA allegedly also owed a duty of care to Arata to "properly train its employees, volunteers, team coaches, and adult league referees in providing a safe environment; to properly educate its employees on providing a safe environment; to have a safety plan; to properly exercise ordinary care under the circumstances[;] to maintain and keep the premises safe and to avoid injury to persons lawfully upon Defendant's

property, such as [Arata]; and to take measures to prevent the occurrence of reasonably foreseeable harms." ¶ 27.  Arata seeks $1 million in damages against ASA under Count II of the Complaint.

12.     Count III of the Complaint asserts a claim for Battery against Solano.  Complaint ¶¶ 32-35.  The Complaint alleges that as a result of Solano's battery, Arata suffered permanent injury to the body, pain and suffering of both a physical and mental nature, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, and past and future economic damages.  Complaint ¶ 35.

### *Provisions of the Insurance Policy*

13.     West Bend issued a Commercial Lines Policy, Policy No. A791894 00, to Alexandria Soccer Association, Inc. for the policy period from July 20, 2020 to July 20, 2021. The  Policy included Commercial General Liability ("CGL") coverage under coverage form CG 00 01 04 13.  The limits of liability under the Policy are $1,000,000 per occurrence and $3,000,000 in the aggregate for Products/Completed Operations and $3,000,000 for other than Products/Completed Operations.[2]

14.     The Policy provides, in relevant part, as follows:

### *Commercial General Liability Coverage Form*

At Section I, Coverage A, (1)(a), the Policy provides, in relevant part, for payment of "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  This section further provides, in relevant part, that "[n]o other obligation or liability to pay

---

[2]     A certified copy of the Policy is attached as Exhibit B hereto.

sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**."

At Section I, Coverage A(1)(b), the Policy provides, in relevant part, that "[t]his insurances applies to 'bodily injury' and 'property damage' only if:

(1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory;' and

(2) The 'bodily injury' or 'property damage' occurs during the policy period; . . .

\* \* \*

### Definitions

At Section V, Definitions, as amended,[3] the Policy provides, in relevant part, that:

\* \* \*

(3) "Bodily injury" means bodily injury, sickness, or disease sustained by a person. This includes mental anguish or death resulting from bodily injury, sickness or disease.

\* \* \*

(13) "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

### Commercial General Liability Endorsements

At Endorsement **NS 0035 GL 04 14 Exclusion - Assault and Battery,** the Policy provides as follows:

We have no duty to defend or indemnify any insured, employee or any other person against any claim or "suit" for "bodily injury", "property damage", "medical payments" or "personal and advertising injury", including claims or suits for "negligence" arising out of or related to any:

---

[3] Endorsement **WB 2000 GL 01 18 PLUS PAK – LIABILITY** amends the definition of "bodily injury" as set forth above.

  **1.** Assault;
  **2.** Battery
  **3.** Harmful or offensive contact; or
  **4.** Threat.

This exclusion applies regardless of fault or intent. Coverage is also excluded for any injury or damage committed while using reasonable force or acting in self-defense.

For purposes of this exclusion, "negligence" includes but is not limited to claims for negligent:

  **1.** Hiring;
  **2.** Employment;
  **3.** Training;
  **4.** Supervision; or
  **5.** Retention.

* * *

## COUNT I

15. Plaintiff incorporates paragraphs 1 through 14 by reference herein as if they were set forth in full.

16. As set forth above, Policy Endorsement NS 0035 GL 04 14, "Exclusion – Assault or Battery", modifies the Policy's Commercial General Liability Coverage Part to exclude coverage for defense and indemnity for "any claim or 'suit' for 'bodily injury', 'property damage', 'medical payments' or 'personal and advertising injury', including claims or suits for 'negligence' arising out of or related to any **1.** Assault; **2.** Battery; **3.** Harmful or offensive contact; or **4.** Threat."  The exclusion "applies regardless of fault or intent."

17. The Complaint alleges that Solano "savagely attacked Plaintiff during the game by bating [Plaintiff's] nose off, resulting in significant physical and emotional injuries to the Plaintiff."  Complaint ¶ 9.  The Complaint further alleges that Solano was later "found guilty" of "assault and battery."

18.     Based on the allegations of the Complaint, taken as true, coverage of ASA is excluded in its entirety with regard to the damages sought in the Complaint.

19.     Because there is no potentiality that the allegations of the Complaint could lead to an award of any damages that would be covered under the Policy, West Bend owes no duty of defense to ASA with regard to the Complaint and the Lawsuit.

20.     Accordingly, West Bend is not obligated to defend ASA with regard to the claims set forth in the Complaint filed in the Lawsuit.

WHEREFORE, Plaintiff prays that this Court order the following relief:

(a)     Determining and adjudicating the rights and liabilities of the parties to ASA's policy of insurance with regard to the existence of any duty to defend ASA with regard to the claims set forth in the Complaint filed in the Lawsuit; and

(b)     Declaring that West Bend has no duty to defend ASA with regard to the claims set forth in the Complaint filed in the Lawsuit; and

(c)     For such other and further relief as is just and equitable.

Date: November 17, 2022                              Respectfully submitted,

WEST BEND MUTUAL INSURANCE COMPANY
By Counsel


/s/ Danny M. Howell
Danny M. Howell (VSB No. 30352)
danny@dmhowellfirm.com
Jennifer L. Rowlett (VSB No. 81373)
jennifer@dmhowellfirm.com
B. Gerard Cordelli (VSB No. 35123)
jerry@dmhowellfirm.com
Law Offices of Danny M. Howell, PLLC
6861 Elm Street, Suite 3D
McLean, VA 22101
Phone: (703) 556-8900

7

Fax: (703) 237-1224

*Counsel for West Bend Mutual Insurance Company*